**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| TYREE TEKO SMITH,                )  | |
| )                                 | No. 2:06-cr-01206-DCN-1 |
| Petitioner,          )            | No. 2:11-cv-70043-DCN |
| )                                 | |
| vs.                   )           | |
| )                                 | **ORDER** |
| UNITED STATES OF AMERICA,    )    | |
| )                                 | |
| Respondent.          )            | |
| _____)   | |

This matter is before the court on a petition brought by Tyree Teko Smith, a federal prisoner, to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255. The government filed a motion to dismiss or, in the alternative, for summary judgment. For the reasons set forth below, the court denies Smith's § 2255 petition and grants the government's motion for summary judgment.

## I. BACKGROUND

On February 14, 2007, the Grand Jury charged Smith in a superseding indictment. The indictment stemmed from alleged wrongdoing by Smith on two separate dates. On July 9, 2006, Smith was alleged to have knowingly, intentionally, and unlawfully possessed with intent to distribute five grams or more of crack cocaine (Count One); knowingly used and carried a firearm during and in relation to, and in furtherance of, a drug trafficking crime (Count Two); and knowingly possessed a firearm that had the manufacturer's serial number removed, obliterated, and altered and that had been shipped and transported in interstate commerce (Count Three). On April 26, 2006, Smith was alleged to have knowingly, intentionally, and unlawfully possessed with intent to distribute five grams or more of crack cocaine (Count Four); and knowingly used and

1

carried a firearm during and in relation to, and in furtherance of, a drug trafficking crime (Count Five). Smith pled not guilty to all charges.

A jury trial began on October 29, 2007. The following day, the jury rendered a verdict of guilty on all five counts. Following the preparation of a Presentence Report, the court held a sentencing hearing and sentenced Smith to 481 months imprisonment.

Smith filed an appeal.[1] The Fourth Circuit issued an opinion on July 16, 2009, affirming Smith's sentence. United States v. Smith, 337 F. App'x 377 (4th Cir. 2009). The Supreme Court denied a writ of certiorari on February 22, 2010. Smith v. United States, 559 U.S. 955 (2010). Thereafter, on February 18, 2011, Smith filed a timely motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255. With leave of court, Smith filed a supplemental brief on March 14, 2011.

Smith was arrested by the Charleston Police Department (CPD) on April 26, 2006. On that date, CPD officers utilized a confidential informant (CI) to arrange a purchase of two ounces of crack cocaine for $2,700 from a target, 17 year old Terrell Benjamin, at a McDonald's in Charleston. Around 8:45 p.m., the CI and an undercover officer, Corporal Andre Jenkins, saw Benjamin walking towards the McDonald's, accompanied by Smith. Benjamin approached the CI's vehicle and asked if the CI and Cpl. Jenkins would come with him inside the McDonald's. Meanwhile, Cpl. Jenkins noticed that Smith was crouched down hiding near the bush line outside the restaurant. As the CI and Cpl. Jenkins began to walk towards the restaurant, Benjamin signaled to Smith that he should come out of the bush line.

---

[1] Smith's counsel on appeal filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising several issues but concluding that no meritorious issues for appeal existed.

Cpl. Jenkins believed that Benjamin and Smith were planning to rob him and the CI.[2] Cpl. Jenkins began to fear for his safety and that of the CI. He called in his perimeter officers to conduct a takedown and arrest of Benjamin and Smith. As officers approached Smith, they noticed a firearm in his waistband. Smith began to run, but was arrested by CPD officers. A search revealed that Smith was in possession of a loaded .45 caliber handgun, 28.6 grams of crack cocaine, 1.39 grams of marijuana, and $740 in cash.

On July 9, 2006—less than three months after his previous arrest—Smith was again arrested by CPD officers.[3] The officers were responding to reports of drug activity, weapons violations, and trespassing at the Gadsden Green housing complex in Charleston. At around 11:30 p.m., officers saw Smith standing outside of Building 8 at the housing complex. They were familiar with Smith and knew he was banned from entering the property. As the officers approach Smith, he began to run up the stairs of Building 8, despite officers' commands that he stop. A CPD officer who was within five yards of Smith saw him remove a small bag of crack cocaine from the front pocket of his shirt and throw it onto the staircase. The officer also saw Smith remove a black pistol from his waistband and throw it onto the staircase. After a brief struggle, Smith was apprehended. The officers discovered that Smith had discarded 6.6 grams of crack cocaine and a loaded .38 caliber pistol with its serial number obliterated. The officers additionally seized 1.39 grams of marijuana from Smith's person.

---

[2] The original agreement was that only Benjamin would be present to sell drugs and that the transaction would take place in the CI's vehicle rather than inside the restaurant.

[3] Smith had been detained from his previous arrest until posting bond on May 6, 2006.

## II.  STANDARDS

Petitioner appears pro se in this case.  Federal district courts are charged with liberally construing petitions filed by pro se litigants to allow the development of a potentially meritorious case.  See Hughes v. Rowe, 449 U.S. 5, 9-10 (1980).  Pro se petitions are therefore held to a less stringent standard than those drafted by attorneys.  See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

Petitioner proceeds under 28 U.S.C. § 2255, which provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

The government has filed a motion for summary judgment.[4]  Summary judgment shall be granted if the movant shows there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Id.  At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor.  Id. at 255.

---

[4] Because it has considered matters outside the pleadings, the court construes the government's motion as one for summary judgment.  See Fed. R. Civ. P. 12(d).

## III. DISCUSSION

In his original petition, Smith raises the following three grounds for habeas relief:

### GROUND ONE

Charleston S.C. P.D., violated Movant's 4th Amend. right[s], and Counsel was ineffective for failure to file [motion] for suppression.

#### Supporting Facts

The "take down" to effect arrest violates the 4th Amend. prohibition on unreasonable seizures that bars police officers from using excessive force against a free citizen.

### GROUND TWO

Failure to order separate trials of counts violates, Fed. R. Crim. P. Rule 14(a).

#### Supporting Facts

Whether Movant was prejudice[d] by a joint trial, that denied movant his Fifth and Sixth Amendment rights. Thus, pre-trial counsel was ineffective for failure to file a timely motion for severance under Rule 14(a).

### GROUND THREE

The trial court denied movant the Fifth and Sixth Amendment's protections.

#### Supporting Facts

Whether the trial court constructively amended the indictment [and] denied movant hi[s] Fifth and Sixth Amendment right[s]. And appellate counsel was ineffective assistance for failing to raise issue on direct appeal.

Pet'r's Pet. 5-8.

In his supplemental brief, Smith asserts the following additional grounds for relief:

### GROUND FOUR

Whether counsel was ineffective for failing to raise on direct appeal that the government failed to prove the possession of cocaine was "crack"

5

cocaine. Alternative[ly,] whether Movant is actually innocent of the sentence for crack cocaine.

### GROUND FIVE

Whether transcripts of Pre-Trial hearings on evidence and exhibits are missing in violation of the Court Reporters Act. 28 U.S.C. § 753. Thus, violates the right [to] appeal, and appellate counsel was ineffective for failure to raise that issue on direct appeal.

Pet'r's Supplemental Pet. 2-3. The court addresses these claims in turn.

### A. Ground One

Smith's first ground for relief contains two claims. The first is that the Charleston Police Department violated his right to be free from unreasonable searches and seizures under the Fourth Amendment. The second is that his trial counsel was ineffective for failing to file a motion to suppress based on the alleged violation of Smith's Fourth Amendment rights.

#### 1. Fourth Amendment Violation

Smith contends that the search and seizure that took place outside of the McDonald's on April 26, 2006 was in violation of his Fourth Amendment rights.

CPD officers clearly had an objectively reasonable and articulable suspicion to arrest and search Smith. The officers' observations of Smith arriving at the arranged drug deal with Benjamin, and Benjamin signaling to Smith after the drug deal was initiated, established Smith's probable participation in the drug transaction. See United States v. Sokolow, 490 U.S. 1, 7 (1989) (quoting Terry v. Ohio, 392 U.S. 1, 30 (1968)) (police may engage in "brief investigatory stops," or Terry stops, if an officer "has a reasonable suspicion supported by articulable facts that criminal activity 'may be afoot,' even if the officer lacks probable cause"). The officers also had probable cause to conduct a search. See Illinois v. Gates, 462 U.S. 213, 238 (1983) (probable cause exists

where there is "a fair probability that contraband or evidence of a crime will be found"); Smith, 337 F. App'x at 378 ("Smith's actions and communications with an individual present with him at a previously-arranged drug transaction between the other individual and a confidential informant, which actions and communications were being observed and electronically monitored by officers, clearly provided ample probable cause for the arrest and seizure of the evidence at issue.").[5]

As for his assertion that the officers used excessive force, Smith claims that officers "slammed" him to the ground, "intentionally inflicting pain." Pet'r's Pet. 9. Smith provides nothing other than brief, conclusory allegations to support his claim. It is Smith's burden to prove his grounds for collateral attack by a preponderance of the evidence. See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958). Tackling a fleeing armed drug dealer does not an Eighth Amendment claim make; Smith fails to meet this burden.

For these reasons, the court grants summary judgment to the government on Smith's Fourth Amendment claims.

### 2. Ineffective Assistance of Counsel

Smith next claims that his trial counsel was ineffective for failing to file a motion to suppress the evidence seized on April 26, 2006.

To show a violation of the Sixth Amendment right to effective assistance of counsel, a defendant must prove (1) "that [his] counsel's performance was deficient" and

---

[5] Smith construes the government's motion for summary judgment as "tak[ing] this Honorable Court down a hole into this bizarre world where citizens cannot be at a McDonald's without their privacy being invaded, even without a crime being committed." Pet'r's Reply 8-9. Smith fails to recognize that most McDonald's customers seeking a Big Mac do not arrive with a loaded firearm and large quantities of drugs and hide in the bushes to place their order.

(2) "that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984).

Under the performance prong, a lawyer's performance is deficient when his representation falls "below an objective standard of reasonableness," as measured against "prevailing professional norms." Id. at 688. "[T]he reasonableness of counsel's challenged conduct" is judged "on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. "To guard against hindsight bias and unfair 'second-guess[ing],' a defendant must overcome 'a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" United States v. Baker, --- F.3d ----, 2013 WL 2631726, at *4 (4th Cir. June 13, 2013) (quoting Strickland, 466 U.S. at 689).

Under the prejudice prong, a defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Here, because the officers had reasonable suspicion, if not probable cause, to search Smith, the firearm and drugs were validly seized as fruit of a constitutional search. Therefore, Smith fails to show that his counsel was deficient in not filing a motion to suppress (which was a slam dunk loser) or that the result of his proceeding would have been different had she done so.

Based on the foregoing, Smith's first ground for habeas relief is without merit.

### B. Ground Two

Smith's second ground for relief is also two-fold. He first contends that the court committed error by conducting a joint trial on charges that stemmed from alleged unlawful conduct spanning two separate dates. In addition, he contends that his pretrial counsel was ineffective for failing to file a motion to sever under Federal Rule of Criminal Procedure 14(a).

#### 1. Joinder of Claims

Federal Rule of Criminal Procedure 8(a) allows the government to bring an indictment that charges a defendant "in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Under Rule 14(a), the court may sever counts if they appear to prejudice the defendant.

"Rule 8(a) permits very broad joinder because the prospect of duplicating witness testimony, impaneling additional jurors, and wasting judicial resources suggests that related offenses should be tried in a single proceeding." United States v. Hawkins, 589 F.3d 697, 700 (4th Cir. 2009) (internal quotation marks and citations omitted). In favor of efficiency, "joinder is the rule rather than the exception." Id. at 700-01 (internal quotation marks omitted). Severance should be granted "only if there is a serious risk that a joint trial would . . . prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993).

Smith argues that because his charges for possession with intent to distribute crack cocaine and knowingly using and carrying a firearm in relation to a drug trafficking crime were based on incidents occurring on separate dates, he was prejudiced by having

them tried together. Yet, all of the government's "guns and drugs" charges in this case were intertwined and "of the same or similar character." Fed. R. Crim. P. 8(a); see United States v. Ward, 171 F.3d 188, 195 (4th Cir. 1999) (guns and drugs are logically related because guns are common "tools of the drug trade"); United States v. Johnson, No. 12-83, 2013 WL 276056, at *3 (E.D. Va. Jan. 24, 2013) ("[J]oinder is routinely allowed where a defendant is charged with multiple violations of the same statute."). The testimony did not have a likelihood of confusing the jury because different sets of CPD officers were able to testify about the separate incidents occurring on separate dates. Therefore, joinder was appropriate.[6]

### 2. Ineffective Assistance of Counsel

Contrary to Smith's contentions, a motion to sever under Rule 14(a) would have been futile. Smith fails to show that his counsel was deficient in not filing a motion to sever (another slam dunk loser) or that the result of his proceeding would have been different had she done so. See Stitt v. United States, No. 08-108, 2012 WL 2878251, at *7 (E.D. Va. July 12, 2012) (quoting Strickland, 466 U.S. at 690-91) (holding that attorney's decision not to file a motion to sever "that he knew would be unsuccessful is precisely the kind of 'strategic choice' that the Supreme Court in Strickland deemed to be 'virtually unchallengeable' in postconviction proceedings"). Accordingly, Smith's ineffective assistance of counsel claim fails.

---

[6] In addition, Smith's arguments under ground two, aside from his claim for ineffective assistance of counsel, are procedurally defaulted because they could have been raised on direct appeal but were not. See United States v. Frady, 456 U.S. 152, 165 (1982) ("[A] collateral challenge may not do service for an appeal.").

### C. Ground Three

In his third ground for relief, Smith raises two claims. First, he contends that the district court's "aiding and abetting instruction amounted to a constructive amendment of the indictment." Pet'r's Mem. Supp. Pet. 45. Second, he contends his appellate counsel was ineffective for failing to raise this claim on direct appeal.

#### 1. Constructive Amendment

"When the government, through its presentation of evidence or its argument, or the district court, through its instructions to the jury, or both, broadens the bases for conviction beyond those charged in the indictment, a constructive amendment—sometimes referred to as a fatal variance—occurs." United States v. Malloy, 568 F.3d 166, 178 (4th Cir. 2009). The test for whether a constructive amendment occurred is whether "the indictment is altered to change the elements of the offense charged, such that the defendant is actually convicted of a crime other than that charged in the indictment." United States v. Randall, 171 F.3d 195, 203 (4th Cir. 1999) (internal quotation marks omitted).

The court gave extensive instructions on aiding and abetting, including the following:

> A person who aids or abets another to commit an offense is just as guilty of that offense as if he committed the act himself.
>
> Accordingly, you may find the defendant guilty of the offense charged if you find beyond a reasonable doubt that the Government has proved that another person, in this case, Mr. Benjamin, actually committed the offense with which Mr. Smith is charged. And that Mr. Smith aided and abetted Mr. Benjamin in the commission of that offense.
>
> Therefore, the first requirement that you find -- that Mr. Smith -- excuse me -- therefore, the first requirement is that you find Mr. Benjamin has committed the crime charged. Obviously, no one can be convicted of

11

   aiding and abetting a criminal act of another if no crime was committed by
   the other person in the first place.

    But if you do find such a crime was committed, then you must
   consider whether Mr. Smith aided or abetted the commission of the crime.

Trial Tr. 24:16-25:8, ECF No. 159.

  The Fourth Circuit has held that aiding and abetting is implied in every federal indictment of a substantive offense. See United States v. Wills, 346 F.3d 476, 495 (4th Cir. 2003). Therefore, aiding and abetting need not be charged in an indictment for an instruction on it to be given at trial. United States v. Ashley, 606 F.3d 135, 143 (4th Cir. 2010); Pigford v. United States, 518 F.2d 831, 834 (4th Cir. 1975). The jury instructions provided were standard instructions regarding the nature of offenses, elements of charges, and duties of deliberation. Smith's claim for constructive amendment fails.[7]

### 2. Ineffective Assistance of Counsel

  The indictment was not defective or constructively amended. Because Smith was "convicted of the same crime charged by the grand jury," his "allegations of ineffective assistance in regard to constructive amendment of the indictment are meritless." United States v. King, 11 F. App'x 219, 220 (4th Cir. 2001).

### D. Ground Four

  In his supplemental brief, Smith argues there was insufficient evidence that the cocaine found on his person was actually cocaine base, i.e., "crack" cocaine, and therefore his counsel on appeal was ineffective for failing to challenge Smith's convictions for possession with intent to distribute crack cocaine. In particular, Smith cites the Supreme Court's decision in DePierre v. United States, 131 S. Ct. 2225 (2011),

---

[7] Furthermore, as with ground two, Smith's arguments under ground three, aside from his claim for ineffective assistance of counsel, are procedurally defaulted because they could have been raised on direct appeal but were not. See Frady, 456 U.S. at 165.

which he believes retroactively requires the government to prove beyond a reasonable doubt that the drug involved was crack cocaine.

In DePierre, the Supreme Court held that cocaine base, as that term is used in 21 U.S.C. § 841(b)(1), means not only crack cocaine, but any cocaine in its "chemically basic form." 131 S. Ct. at 2237. In this case, Smith was convicted of possessing with intent to distribute crack cocaine. It is irrelevant to Smith's convictions that the Supreme Court has since clarified that "cocaine base" also includes "cocaine in its chemically basic form." See Wheeler v. United States, No. 96-53, 2012 WL 3151381, at *2 (W.D.N.C. Aug. 2, 2012) ("While defining the term 'cocaine base,' DePierre does not address or specify the type of proof the Government must use to prove a distribution of cocaine base violation."); Rashaad v. United States, No. 01-195, 2012 WL 2131341, at *1 (W.D.N.C. June 12, 2012) ("Inasmuch as petitioner was found guilty of possessing with intent to distribute crack cocaine, DePierre did not decriminalize any of the conduct for which petitioner was convicted."). Moreover, Smith's challenge to the sufficiency of evidence supporting his convictions is not cognizable under § 2255. See Dockery v. United States, 237 F.2d 518, 519 (4th Cir. 1956). Finally, Smith's counsel had no basis for raising these arguments on appeal, and the result of the proceeding would not have been different had she done so.

For these reasons, Smith's fourth ground for relief fails.

### E.  Ground Five

In his supplemental brief, Smith also claims that certain pretrial transcripts are missing from the court's docket, which led to the denial of due process.

The Court Reporter's Act, 28 U.S.C. § 753(b), requires all criminal proceedings held in open court to be recorded verbatim by shorthand, mechanical, or electronic means. 28 U.S.C. § 753(b). Noncompliance with the Act is reversible error only "when the unavailability of a transcript makes it impossible for the appellate court to determine whether or not prejudicial error was committed with regard to a challenged action." United States v. Haver, 251 F.3d 881, 889 (10th Cir. 2001) (internal quotation marks omitted); see also United States v. Huggins, 191 F.3d 532, 537 (4th Cir. 1999) (defendant must show that transcript errors "specifically prejudiced his ability to perfect an appeal").

Assuming for the purposes of this order that Smith's conclusory claims that he failed to receive certain transcripts are true, they are insufficient to give rise to relief. Moreover, courts have held such claims are not cognizable under § 2255. See United States v. Chavez, 862 F.2d 1436, 1438 (10th Cir. 1988) (claim of Reporter's Act violation must be accompanied by claim of fundamental violation of rights); Marsh v. United States, 435 F. Supp. 426, 430 (8th Cir. 1976) ("[T]he failure to keep complete records of the criminal proceedings is not of itself an error that could be raised in a motion to vacate sentence under § 2255."); De Luca v. United States, 243 F. Supp. 2d 982, 985 (E.D. Mo. 2003) ("Petitioner's Reporter's Act claims are properly dismissed without an evidentiary hearing because a naked violation of 28 U.S.C. § 753(b) cannot be raised in a collateral proceeding under § 2255.").

For these reasons, Smith's fifth ground for relief is without merit.

### F. Request for Evidentiary Hearing

Finally, the court denies Smith's request for an evidentiary hearing because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

## IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is **DENIED** and the government's motion for summary judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**July 8, 2013**
**Charleston, South Carolina**